**Dated: October 10, 2014**
**The following is SO ORDERED:**

_____
George W. Emerson, Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In Re:  Diann Adams Saulsberry | Chapter 13 |
| xxx-xx-5461 | Case No.  13-22490 |
| Debtor. | |

| | |
|---|---|
| Diann Adams Saulsberry | |
| Plaintiff, | |
| v. | |
| | Adv. Pro.  14-00117 |
| Wells Fargo Home Mortgage, | |
| Defendant. | |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

      Upon Debtor's Complaint, Motion for Default Judgment and a review of the record as a whole, the Court finds as follows:

1.    This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. §409(a).

2.    This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

3.    On March 6, 2013, Debtor herein filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code.

4.     On the date of the bankruptcy petition herein, the above named estate was the owner in fee simple of the following real estate: 556 Melton, Memphis, TN 38109 (hereinafter the "Real Property"). The Real Property is the property of the Debtor.

5.     The Real Property has a value no greater than $49,300.00.

6.     The Debtor executed a Note and Deed of Trust in favor of Wells Fargo Home Mortgage. The amount of the allowed claim is $60,486.19.

7.     Diann Adams Saulsberry (hereinafter "Defendant") is the holder of a Note and Deed of Trust executed in favor of Wells Fargo Home Mortgage by the Debtor. This is the second consensual mortgage the Debtor granted as to the Real Property. Wells Fargo Home Mortgage has an allowed claim in the amount of $9,845.00.

8.     Wells Fargo Home Mortgage has failed to file with its claim proof of recordation and perfection of its mortgage and lien as required under Bankruptcy Rule 3001. The court record contains no other proof of perfection.

9.     On April 1, 2014 the Debtor filed this Complaint seeking a determination of the validity, extent and priority of the lien alleged by Wells Fargo Home Mortgage.

12.    On April 1, 2014, the Debtor served the Complaint and Summons in this case upon the parties by First Class Mail at the addresses provided by Wells Fargo Home Mortgage. Such service is sufficient notice in compliance with Bankruptcy Rule 7004(b).

13.    On April 1, 2014, the Debtor served by First Class Mail the Motion for Default Judgment upon Wells Fargo Home Mortgage.

14.    On August 11, 2014, the Debtor served by First Class Mail the Motion for Default Judgment upon Wells Fargo Home Mortgage's representative Sharon Fewell with Shapiro and Kirsch. Ms. Fewell has previously made an appearance in the Debtor's case on behalf of Wells Fargo. As per Rule 7004(h)(1), our firm may serve Wells Fargo by serving Ms. Fewell on Wells Fargo's behalf.

15.    No responsive pleading has been filed to the Complaint or Motion for Default Judgment by Wells Fargo Home Mortgage.

16.    Wells Fargo Home Mortgage remains in default.

17.    The claims of perfected, non-avoidable senior liens in the subject Real Property exceed the value of the subject Real Property.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.     Pursuant to the confirmed plan and 11 U.S.C. §§506(a), 1322(b)(2), the claim of Wells Fargo Home Mortgage is a general, unsecured claim, entitled to share in the future distributions under the Plan of that class.

2.      Pursuant to the confirmed Plan, the lien of Wells Fargo Home Mortgage, and its successors and assigns, are void.

3.      In the alternative, pursuant to Bankruptcy Rule 3001, Wells Fargo Home Mortgage fails to state a secured claim for failure to provide proof of perfection. The confirmed Plan provides that only allowed secured claims shall retain liens and therefore Wells Fargo Home Mortgage's unsecured claim is not entitled to retain a lien upon discharge.

4.      Upon the entry of an Order of Discharge pursuant to 11 U.S.C. 1328, the obligations owed to Wells Fargo Home Mortgage by the Debtor shall be discharged and any lien asserted Diann Adams Saulsberry against the Debtor or the property, including real property located at 556 Melton, Memphis, TN 38109, shall be void.

5.      Wells Fargo Home Mortgage is ordered to issue a Release of its Lien and Deed of Trust, upon the granting of a Discharge pursuant to 11 U.S.C. 1328 in this case, to the Debtor, as to the real property located at 556 Melton, Memphis, TN 38109.

6.      In the alternative, this Order and Judgment shall constitute a Release of the aforesaid liens and Deeds of Trust, if accompanied by an Order of Discharge entered in favor of the Debtor in this case pursuant to 11 U.S.C. 1328.

7.      The Chapter 13 Bankruptcy Court Clerk is authorized to close the adversary in this matter.

**IT IS SO ORDERED.**


APPROVED:


/s/ Joseph D. Fox
Attorney for Debtor
Joseph D. Fox, B.P.R.No. 15809
200 Jefferson, Suite 125
Memphis, TN 38103
(901) 527 - 4110


/s/ Sylvia Ford Brown
Chapter 13 Trustee


Service to:

Debtor
Debtor's Attorney
Case Trustee
All Entities on Matrix

Wells Fargo Home Mortgage
7255 Baymeadows WA
Des Moines, IA 50306

Sharon Fewell
Shapiro & Kirsch, LLP
555 Perkins Road Extended
2nd Floor
Memphis, TN 38117